UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

**DOUGLAS ALONZO MOSLEY**

v.	402CV035
	400CR029
**UNITED STATES**

## ORDER

Douglas Alonzo Mosley was convicted of firearms charges and was sentenced under the Armed Career Criminal Act (ACCA), codified at 18 U.S.C. § 924(e)(1).[1] This Court denied his § 28 U.S.C. § 2255 motion in 2002 and he unsuccessfully appealed. 400CR029 doc. ## 118, 125. Claiming "actual innocence," he again sought § 2255 relief in 2006, arguing that "the procedural limitations placed on a criminal defendant by the [Antiterrorism and Effective Death Penalty Act (AEDPA)] statutory scheme does not apply to claims of actual innocence." Doc. # 137 at 2. The Court denied that motion as successive. Doc. # 138.

Two years later, Mosley is back. Doc. # 140. This time, he invokes 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(o). *Id.* at 1. The Government focuses on § 3582(c)(2) and would have the Court deny Mosley's filing as an inapplicable "crack-wave"[2] motion like those reached in *U.S. v. Pinckney*, 2008 WL 4489860 (S.D.Ga. 10/6/08) (unpublished), and *U.S. v. Hamilton*, 2008 WL 4275681 (S.D.Ga. 9/17/08) (unpublished). Doc. # 141.

Insisting that he brought no such motion, Mosely moves to "dismiss" the Government's response. Doc. # 142. Of course, this Court can not "dismiss" a brief -- at most it can reject it as baseless, if not sanctionable. Hence, Mosely's "dismissal" motion (doc. # 142) is ***DENIED.***

At bottom, Mosley argues that this Court "incorrectly" (*i.e.*, because of an amendment to Amendment 709 of the United States Sentencing Guidelines (USSG)) determined him to be an Armed Career Criminal as defined by (the since amended) USSG Amendment 709. Thus, he seeks resentencing under an adjusted sentencing range. Doc. # 140 at 2-3; # 142 at 1. Normally,

> [w]hen a retroactive amendment to the Sentencing Guidelines reduces the applicable sentencing range, 18 U.S.C. § 3582(c)(2) allows a district court to modify the prisoner's sentence. A district court, however, has the discretion to deny a § 3582(c)(2) motion even if the amendment has lowered the guidelines range. *See United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir.1997).

*U.S. v. Woods*, 2007 WL 2417408 at * 1 (S.D.Ohio 8/21/07) (unpublished). And it is true that § 3582(c)(2) provides that in

> the case of a defendant who has been sentenced to a term of imprisonment based

---

[1] He was convicted on 5/30/00 of Conspiracy to Illegally Deal in Firearms without License (in violation of 18 U.S.C. § 371); False Statements to Purchase Firearms (in violation of 18 U.S.C. §922(a)(6); Aiding and Abetting (in violation of 18 U.S.C. §2); and Possession of Firearms by Convicted Felon (in violation of 18 U.S.C. §§922(g)(1) and 924(e). 5/30/00 Minute Entry. Given his status as an armed career criminal, the Court sentenced him to a 262 month prison term. Doc. # 98 at 2.

[2] This refers to the wave of § 3582(c)(2)-based, sentence-reduction motions rolling into federal courts nationwide in response to the U.S. Sentencing Commission's promulgation of Amendment 706, which amended the Drug Quantity Table in United States Sentencing Guidelines § 2D1.1(c). U.S.S.G.App. C, Amend. 706 (2007). That Amendment provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of 3/3/08. *See* U.S.S.G.App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment). *U.S. v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008).

on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

To that end, a motion somewhat similar to Mosley's was brought in *U.S. v. Mason*, 2008 WL 3833262 (E.D.Mo. 8/14/08) (unpublished). *Mason* explains that on 11/1/07, "the United States Sentencing Commission adopted Amendment 709, which amended Guidelines § 4A1.1 and § 4A1.2 concerning criminal history category and computation of criminal history." *Id.* at * 1. However,

> Because [Mosley] was sentenced before [11/1/07], Amendment 709 must be [shown by Mosley to be] retroactive [in order] to apply in this case. [Yet,] Guideline § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," lists all Guideline Amendments that may be applied retroactively. Amendment 709 is *not* listed in § 1B1.10(c), [so] it is not retroactive and, therefore, is not applicable in this case. *See United States v. Peters*, 524 F.3d 905, 907 (8th Cir.2008) (per curiam) (holding that Amendment 709 is not given retroactive treatment).

*Id.* (emphasis added); *see also U.S. v. Ellis*, 2008 WL 2858808 at * 2 (D.Kan. 7/22/08) (unpublished); *U.S. v. Hughes*, 2008 WL 728364 at * 2 (W.D.Pa. 3/18/08) (unpublished).

Accordingly, Douglas Alonzo Mosley latest motion (400CR029 doc. # 140) is ***DENIED***.

This __24__ day of October, 2008.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA