# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR400-29 |
| | ) | |
| DOUGLAS ALONZO MOSLEY | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

Douglas Mosley has filed an untitled motion attacking his federal sentence, which he is presently serving in Estill, South Carolina. (Doc. 151.) It is unclear from the motion exactly how he intends to proceed, but when a movant seeks to collaterally attack a federal sentence, he generally must file a 28 U.S.C. § 2255 motion, unless he can establish that remedy's inadequacy or ineffectiveness (thus allowing him to proceed under 28 U.S.C. § 2241). 28 U.S.C. § 2255(e). That is, the motion must be brought pursuant to § 2255 unless the movant satisfies § 2255(e)'s savings clause, which applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

*Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). Here, Mosley alleges that the federal sentencing judge improperly applied the Armed Career Criminal Act sentencing enhancement. (Doc. 151.) He has not, however, cited to any retroactively applicable Supreme Court decision holding that he was convicted of a nonexistent offense. Consequently, his claim does not fall within the savings clause and must be brought pursuant to § 2255.

If this were his first § 2255 motion, the Court would warn Mosley that his untitled motion would be re-characterized as a motion pursuant to § 2255 unless he wanted to amend or dismiss it. *See Castro v. United States*, 540 U.S. 375, 383 (2003). *Castro* instructed district courts to warn first time § 2255 litigants that they will lose their ability to file any successive § 2255 motions without first seeking permission to do so from the Eleventh Circuit. Mosley, however, has already filed a § 2255 motion (doc. 112), and that motion was denied. (Doc. 118.) Accordingly, the *Castro* warnings are unnecessary here. The Clerk is therefore **DIRECTED** to open a civil case file containing both Mosley's motion (doc. 151), which should be characterized as a motion seeking § 2255 relief, and this Report and Recommendation.

Since this is Mosley's second such motion, he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement). Indeed, district courts must dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because Mosley has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive.

**SO REPORTED AND RECOMMENDED** this  28th  day of September, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

3